UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CORRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RON DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-02622-WHO (PR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff John Corry's first amended complaint fails to state any claim for relief: the claims against Ron Davis fail because Davis's role as a grievance reviewer is not sufficient to confer liability, and the claims against Chris Johnson do not state what constitutional right was allegedly violated and any facts showing that a violation occurred. The first amended complaint is DISMISSED with leave to file a second amended complaint on or before **July 20, 2020**. If an amended complaint is not filed by that date in compliance with this Order, the case will be dismissed.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

### i. Original Complaint

In his original complaint, Corry alleged that in 2018 San Quentin prison guard J. Ju accused him of stabbing another prisoner. (Compl., Dkt. No. 1 at 3.) Ju's accusation led to Corry facing state criminal and prison disciplinary charges of attempted murder. He was acquitted of the state charge of murder, (*id.* at 4-5), but was found guilty of a weapon possession charge. Corry was also found guilty of the prison disciplinary charges, which resulted in an additional year added to his sentence and caused him to be placed in the SHU for 34 months. (*Id.* at 5). Corry raised claims against (i) J. Ju for falsely accusing him and for testifying falsely at the state criminal proceedings; (ii) R. Feston, who oversaw his prison disciplinary proceedings, for finding him guilty of the prison charges; and (iii) M. Voong, who denied Corry's appeal of the prison disciplinary proceedings.

I previously dismissed Corry's claims against J. Ju with prejudice because a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.

2

1  *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).  Furthermore, a witness is
2  absolutely immune from liability for his testimony in state or federal court proceedings
3  even if he committed perjury.  *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (police
4  officer witness at trial); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (police
5  officer witness at probable cause hearing); *Burns v. County of King*, 883 F.2d 819 (9th Cir.
6  1989) (social worker preparing affidavit for use at bail revocation proceeding).

I also dismissed Corry's claims against Voong with prejudice.  Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation.  *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  "Only persons who cause or participate in the violations are responsible."  *Id.*  "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."  *Id.*

Corry's due process and Eighth Amendment allegations against Feston were plausible.  Retaining Corry in the SHU after his state court acquittal may have violated the Eighth Amendment's prohibition on cruel and unusual punishment.  Defendant Feston was served with the complaint.

Before Feston filed a response, Corry filed a motion to file an amended complaint.  (Dkt. No. 17.)  Less than a week later, Feston filed a motion for summary judgment, which I denied without prejudice because the briefing schedule was suspended after Corry asked to file an amended complaint.  (Dkt. Nos. 18 and 19.)

**ii.     First Amended Complaint**

In the first amended complaint, Corry names only two defendants, apparently dropping his claims against any prior-named defendant.  He alleges that Ron Davis, the warden of San Quentin, is responsible for the constitutional violations owing to his role as a grievance reviewer, and that Chris Johnson, Corry's counselor, is responsible for failing in his "duty to do the paperwork to get plaintiff sent to general population instead of back to the (SHU)."  (First Am. Compl., Dkt. No. 18 at 3, 4.)  Corry does not state what constitutional rights were violated.

3

1    Corry's allegations against Ron Davis are DISMISSED without leave to amend
2    because Davis's role as a grievance reviewer is insufficient to link him to any
3    constitutional violation. This point was made clear in a prior order. (Order of Service,
4    Dkt. No. 9 at 3.) Mere involvement in reviewing an inmate's administrative grievance
5    does not necessarily demonstrate awareness of an alleged violation or contribute to the
6    underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons
7    who cause or participate in the violations are responsible." *Id.* "Ruling against a prisoner
8    on an administrative complaint does not cause or contribute to the violation." *Id.*

9    Corry's claim against Johnson is DISMISSED with leave to amend because it fails
10   to state a claim for relief. First, Corry does not state what constitutional right was violated
11   by Johnson's alleged inaction. In his amended complaint, Corry must not only name
12   which right was violated, but articulate specific facts showing that such a right was
13   violated. Second, Corry has not established that Johnson was under any obligation to
14   correct plaintiff's housing assignment without a specific, written request from plaintiff, or
15   that he even had the authority to revise plaintiff's housing assignment; it is not clear that
16   Johnson could on his own set aside a prison disciplinary finding without a rehearing or
17   voiding of the prison disciplinary charges. Third, Corry should state whether he exhausted
18   his claims against Johnson.

19   In composing his amended complaint, Corry should also consider the contentions
20   presented in Feston's motion for summary judgment. The motion raises both factual and
21   legal matters that Corry will have to address when his suit reaches the dispositive motion
22   stage. For instance, Feston alleges Corry's prison disciplinary charges were reheard (and
23   reduced to one of weapon possession) and that his consequent sentence was recalculated to
24   fit the prison and state criminal charges of which he was convicted. If that is true, it would
25   indicate that the litigation has no merit.

## CONCLUSION

28   Plaintiff Corry's first amended complaint is DISMISSED with leave to file an

4

1  amended complaint on or before **July 20, 2020**.  Failure to comply to file by that date an
2  amended complaint that comports with all the instructions in this order will result in the
3  dismissal of this action for failure to prosecute, *see* Federal Rule of Civil Procedure 41(b).
4      The new complaint must appear on this Court's form, and include the caption and
5  civil case number used in this order (19-02622 WHO (PR)) and the words SECOND
6  AMENDED COMPLAINT on the first page.  Because an amended complaint completely
7  replaces the previous complaints, plaintiff must include in his first amended complaint all
8  the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the
10  prior complaint by reference.

**IT IS SO ORDERED.**

**Dated:**  June 2, 2020



WILLIAM H. ORRICK
United States District Judge