UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CORRY,<br><br>        Plaintiff,<br><br>    v.<br><br>R. FESTON,<br><br>        Defendant. | Case No. 19-cv-02622-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; SETTING SCHEDULE**<br><br>Re: Dkt. No. 25 |

## INTRODUCTION

Plaintiff John Corry alleges that San Quentin prison Lieutenant R. Feston violated Corry's due process rights by finding Corry guilty of the attempted murder of another inmate in prison disciplinary proceedings and violated Corry's Eighth Amendment rights by retaining Corry in the Secured Housing Unit ("SHU") after Corry was acquitted of the attempted murder charge in state court. Defendant Feston moves for summary judgment and for dismissal. (Dkt. No. 25.) Corry failed to exhaust his administrative remedies for these claims; I will grant summary judgment in favor of Lieutenant Feston as a result.

## FACTUAL BACKGROUND

Lieutenant Feston found Corry guilty of a prison disciplinary charge of the attempted murder of a fellow inmate at San Quentin, and sentenced Corry to a SHU term. Correctional Officer Ju, no longer a defendant in this action, gave testimony that he saw Corry stab another inmate. Non-defendant Correctional Officer Nop reported that he saw Corry run from the scene of the attack, discarding a weapon as he ran. The discarded weapon was recovered and matched the stab wounds inflicted on the victim. Corry's shoes also had blood spots. The testimony of the two officers, the knife, and Corry's shoes, all

1 were entered into evidence.

2     Corry also faced state criminal charges arising from the incident. A state superior court jury found Corry not guilty of attempted murder but guilty of possessing a weapon. Corry was sentenced to eight years imprisonment for the possession of the weapon.

## PROCEDURAL BACKGROUND

    In his original complaint, Corry alleged that (i) Officer Ju falsely accused Corry of attempted murder at the prison disciplinary proceedings and testified falsely at the state criminal proceedings; (ii) Lieutenant Feston should not have found Corry guilty of the prison charges; and (iii) an appeals officer should not have denied Corry's appeal of the prison disciplinary proceedings. (Dkt. No. 1 ("Complaint").) I dismissed Corry's claims against Officer Ju and the appeals officer with prejudice, and ordered Lieutenant Feston to respond to Corry's Eighth Amendment and due process claims. (Dkt. No. 9.)

    Corry subsequently filed a First Amended Complaint against different defendants, which was dismissed with leave to amend because it failed to state a cognizable claim. (Dkt. No. 21.) Corry's Second Amended Complaint also failed to state a cognizable claim. (Dkt. No. 23.) I reinstated Corry's original complaint, and again ordered Lieutenant Feston to respond to Corry's Eighth Amendment and due process claims. (*Id.* ("Reinstatement Order").)

    Lieutenant Feston timely moved for summary judgment. (Dkt. No. 25.) Although given notice and an opportunity to do so, Corry refused to file a response to the summary judgment motion. (*See generally*, Dkt.) Instead, Corry filed a "Response to the Court['s] Order Reinstating [the] Original Complaint." (Dkt. No. 26.) In this document, Corry stated that he would not "keep going," that "it's a lot cheaper/easier to get justice in other ways," and that in the future he would "be refusing all legal mail from the courts / defendants." (*Id.* at 3-4.) It therefore appears that Corry has waived his right to file an opposition to the summary judgment motion. Accordingly, this order will consider only Lieutenant Feston's motion and the exhibits thereto.

2

# LEGAL STANDARD

## 1. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

A court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a

genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

### 2. Administrative Exhaustion

Prisoners must exhaust their administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). Exhaustion is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts. *Ross v. Blake*, 136 S. Ct. 1850, 1856-1858 (2016). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Compliance with prison administrative appeal procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). The level of detail necessary in an administrative appeal to comply with the administrative appeal procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id*. at 218. In California, the effective regulation[1] requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)); *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (claim properly exhausted where inmate described nature of the wrong and identified defendant as a responding officer). The effective California regulations also require that the original administrative appeal name "all staff member(s) involved" and "describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). "Administrative remedies [are] not [] considered exhausted relative to any new issue, information, or person later named by

---

[1] California repealed its administrative appeal regulations on June 1, 2020. The regulations effective between January 28, 2011 and June 1, 2020 apply here.

1 the appellant that was not included in the originally submitted CDCR Form 602 . . . ." *Id*.
2 at § 3084.1(b). Under the effective regulations, there are three levels of review: first-level
3 appeal, second-level appeal, and third-level appeal. *Id*. at § 3084.7. "Administrative
4 exhaustion within California requires the completion of the third level of administrative
5 review." *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones*, 549 U.S. at 211. Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215-17. Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* at 1166. But if material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id.* at 1172; *see id.* at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy). Once the defendant has carried that burden, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id.* But as required by *Jones*, the ultimate burden of proof remains with the defendant. *Id.*

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170.

## DISCUSSION

Corry claims that his right to due process was violated during prison disciplinary proceedings and that his over-long detention in the SHU violated the Eighth Amendment.

Both claims fail for lack of exhaustion, as discussed below.

### 1.     **Eighth Amendment Claim**

Corry filed a single grievance regarding his retention in SHU. He stated that a jury had found him not guilty of attempted murder and that prison officials therefore "are suppose[d] to dismiss the stabbing RVR which was for attempted murder because . . . I was acquitted of the actual stabbing on [December 26,] 2018." (Dkt. No. 25-5 ("Liu Declaration"), Ex. B at 159.)

This grievance was denied at the second level of review because Corry did "not provide[] sufficient documentation." (*Id*. at 162.) Corry was instructed to submit documentation of the outcome of his trial and was told that he could appeal the denial of his grievance. (*See id*.)

Corry appealed to the third level of review. At the third level, his grievance was rejected because it was "missing necessary supporting documents." (*Id*. at 156.) Corry was told which documents were needed, and how to obtain them. (*See id*.) He also was told that he could not appeal this rejection, "but should take the corrective action necessary and resubmit the appeal . . . ." (*Id*.) Corry did not take corrective action and did not resubmit his grievance. (*See* Liu Dec. ¶ 9.)

The applicable California regulations specify that "a cancellation or rejection decision does not exhaust administrative remedies." 15 C.C.R. § 3084.1(b). Because it was rejected at the third level of appeal, Corry's grievance was not properly exhausted. The exhaustion requirement mandates "proper exhaustion" of all available administrative remedies. *Woodford*, 548 U.S. at 93.

Lt. Feston has presented evidence that Corry failed to exhaust his administrative remedies as to the Eighth Amendment claim. *See Jackson*, 870 F.3d at 933 (recognizing that an inmate does not exhaust a grievance within California unless the inmate pursues the grievance to the third level of review). As noted above, Corry refused to file an opposition to Lt. Feston's summary judgment motion. Without any evidence or argument from Corry, Lt. Feston's evidence that Corry failed to exhaust this grievance is undisputed. Lt.

Feston's motion for summary judgment as to Corry's Eighth Amendment claim is GRANTED.

### 2. Due Process Claim

Corry filed two grievances regarding prison disciplinary proceedings. Neither exhausted his due process claim against Lieutenant Feston.

#### a. First Due Process Grievance

In the first grievance, Corry stated that "Lt. Feston found [Corry] guilty" of an attempted stabbing. (Dkt. No. 25-6 ("Andres Declaration"), Ex. B at 175.) He asked for the evidence underlying the guilty finding to "be re-evaluated and investigated through unbiased eyes." (*Id*.) This suggests that Corry intended to challenge Lt. Feston's findings at the disciplinary hearing.

Had Corry pursued this grievance to the third level of appeal, it would have been sufficient to identify Lt. Feston as a wrongdoer, and the guilty finding as the wrong. But Corry did not pursue this grievance. Instead, Lt. Feston shows that Corry abandoned this grievance after the second level of appeal, despite being told that he could pursue it to the third level. (*See* Liu Decl. at ¶¶ 6-9 (explaining that Corry pursued only three grievances to the third level of appeal, none of which is the grievance mentioning Lt. Feston); *see also* Andres Decl., Ex. B at 179 (informing Corry that if he was dissatisfied with the response at the second level of review, he could appeal to the third level).)

Lt. Feston has established that Corry failed to exhaust. *See Jackson*, 870 F.3d at 933 (recognizing that an inmate does not exhaust a grievance within California unless the inmate pursues the grievance to the third level of review). And Corry refused to file an opposition to Lt. Feston's summary judgment motion. Without any evidence or argument from Corry, Lt. Feston's evidence that Corry failed to exhaust this grievance is undisputed.

#### b. Second Due Process Grievance

Corry filed a second grievance related to the disciplinary proceedings, and pursued it to the third level of appeal. In the second grievance, Corry argued that Officer Ju "falsified [a] report" against Corry, later "switched up his statement" in the criminal court

preliminary hearing, and "changed his testimony/ statement again for the [third] time" at trial. (Liu Decl., Ex. B at 145, 147.) Corry argued that Officer Ju did this "all in hopes that he could persuade the jury . . . to convict me." (*Id*. at 147.) As a remedy, Corry asked for Officer Ju to be "punished for his misconduct," to be made to pay Corry initial compensation of $5,000 and an additional 5% of his salary, and to be required to apologize to Corry. (*Id*.) The grievance did not challenge Lt. Feston's actions, ask for the disciplinary proceedings to be vacated, or even mention Lt. Feston. (*See id*. at 145-48)

This grievance did not put prison officials on notice that Corry believed Lt. Feston had violated Corry's due process rights. Rather, it clearly and repeatedly accused Officer Ju of lying in order to harm Corry. Although the second grievance mentioned in passing that Corry had been found guilty during prison disciplinary proceedings, the gravamen of the grievance discussed Officer Ju's conduct in court. This is insufficient to exhaust a due process claim against Lt. Feston for his findings in prison disciplinary proceedings. *See McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 876 (9th Cir. 2011) (although administrative appeals mentioned in passing that the prison lacked a Wiccan chaplain, they did not exhaust claim because they "do not provide notice that the source of the perceived problem is the absence of a paid Wiccan chaplaincy"); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (administrative appeal demanding better access to top bunk did not alert prison officials that officers had disregarded assignment to lower bunk); *Brown v. Johnson*, 537 F. App'x 705, 707 (9th Cir. 2013) (where administrative appeals "focused entirely on [plaintiff's] medical and housing complaints," and only in passing mentioned that plaintiff was allowed out of his cell without an escort, "that statement was simply a description of the events leading up to [plaintiff's] fall down the stairs; it was not a complaint about being let out of his cell...without an escort").

As noted, *supra*, California requires inmates to name "all staff member(s) involved" and "describe their involvement in the issue" in the original grievance. Cal. Code Regs. tit. 15, § 3084.2(a). The inmate must also "describe the problem and action requested." *Id*. Here, Lt. Feston has produced evidence that Corry failed to name him in this

8

grievance, or even to ask for Lt. Feston's guilty finding to be vacated. As a result, Cory failed to exhaust as to Lt. Feston in this second grievance. *See Jones*, 549 U.S. at 217-18 (plaintiff must comply with prison administrative appeal procedures in order to properly exhaust); *Morton*, 599 F.3d at 946 (plaintiff failed to exhaust where the originally filed grievance did not describe the problem and remedy at issue in the complaint).

Summary judgment will be granted in favor of Lt. Feston because the undisputed record shows that he was never named, nor were his actions described, in an exhausted grievance as required by California regulations.

### i. Merits

Even if Corry's second due process grievance were sufficient to exhaust a due process claim as to Lt. Feston, the due process claim would fail on the merits.

A district court is only permitted to look for whether the guilty finding in a disciplinary proceeding was supported by "some evidence" and should not conduct an "independent assessment of the credibility of witnesses, or weighing of the evidence." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56, (1985). *See also Witkin v. Arnold*, 757 F. App'x 561, 563 (9th Cir. 2018) (noting that the reporting employee's testimony was sufficient to satisfy the "some evidence" standard, because "[t]he evidence, if believed" showed a rules violation, without assessing whether the evidence was credible) (applying *Hill*, 472 U.S. at 457); *Terflinger v. Rowland*, 76 F.3d 388 (9th Cir. 1996) (unpublished) (even where plaintiff contended that information underlying disciplinary finding had been "proven to be false," no due process violation occurred because "'more than "some evidence" [] support[ed] defendants' judgment'") (quoting district court decision); *Morris v. Vasquez*, 978 F.2d 715 (9th Cir. 1992) (unpublished) (holding that "some evidence" supported the disciplinary charge, without reaching plaintiff's argument that hearing testimony was false). Corry's assertion that Officer Ju lied falls outside the inquiry of whether Lt. Feston violated Corry's due process because it goes to Officer Ju's credibility rather than to Lt. Feston's decision-making process.

1    Further, Lt. Feston's disciplinary finding need only be supported by "some
2    evidence" to comport with due process.  As Lt. Feston notes in the summary judgment
3    motion, the disciplinary finding was supported by Officer Ju's report, Officer Nop's report
4    that Corry discarded a weapon shortly after the stabbing, a report that the discarded
5    weapon matched that used in the stabbing, and a report that blood was found on Corry's
6    shoes.  That this other evidence is circumstantial is of no moment.  *See Hill,* 472 U.S. at
7    456-457 (the "some evidence" standard may be satisfied even if there is a lack of direct
8    evidence); *Lathan v. Marshall*, 977 F.2d 589 (9th Cir. 1992) (unpublished) ("*Hill* indicates
9    that the requisite quantum of evidence can be circumstantial."); *Knight v. Evans*, No. C 05-
10   3670 SBA (PR), 2008 WL 4104279, at *10 (N.D. Cal. Sept. 4, 2008) (the hearing officer
11   "need not base his finding on direct evidence") (citing *Hill,* 472 U.S. at 456-457), *aff'd,*
12   393 F. App'x 463 (9th Cir. 2010).  Even if Officer Ju's report were set aside, there would
13   be "some evidence" to support Lt. Feston's disciplinary finding.
14   Because Corry's due process claim against Lt. Feston is unexhausted, and in any
15   event would fail on the merits, Lt. Feston's summary judgment motion concerning the due
16   process claim is GRANTED.

## CONCLUSION

The motion for summary judgment regarding Corry's due process and Eighth Amendment claims is GRANTED in Lt. Feston's favor.  Judgment on these claims will be entered in Lt. Feston's favor at the conclusion of this suit.

In the Reinstatement Order, I stated that "[a]fter I rule on the motion for summary judgment, I will consider whether there are any plausible claims that Corry can raise against Davis and Johnson." (Reinstatement Order at 6.)  As explained in that order, Corry has not presented any plausible claims against those defendants.  Corry will be given one final opportunity to plead a plausible claim against Davis and/or Johnson.  He must do so by filing an amended complaint by **July 1, 2021**.  If Corry does not file an amended complaint by the deadline, the Court will deem him to have waived any claims against Davis and Johnson, and final judgment will be entered in favor of all defendants.

10

1      The amended complaint must include the caption and civil case number used in this
2  order (19-cv-02622-WHO (PR)) and the words THIRD AMENDED COMPLAINT on the
3  first page.  Because an amended complaint completely replaces the previous complaints,
4  plaintiff must include in his third amended complaint all the claims he wishes to present
5  against Davis and Johnson.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
6  He may not incorporate material from any prior complaint by reference.  Failure to file an
7  amended complaint in accordance with this order **will** result in dismissal of this action
8  without further notice to plaintiff, and entry of judgment in favor of all defendants.

9      The Clerk shall terminate Dkt. No. 25.

10     **IT IS SO ORDERED.**

11   **Dated:**  May 17, 2021



WILLIAM H. ORRICK
United States District Judge