UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CORRY,<br>          Plaintiff,<br>    v.<br>RON DAVIS, et al.,<br>          Defendants. | Case No. 19-cv-02622-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

I granted a motion for summary judgment in favor of defendant Feston on the grounds that plaintiff Corry failed to exhaust his administrative remedies. (Order Granting Mot. for Summ. J. (MSJ), Dkt. No. 28.) In that Order, I granted Corry the opportunity to file an amended complaint naming other defendants (Davis and Johnson). (*Id.* at 10-11.) However, his claims against them are also unexhausted and it is too late to exhaust them now. Accordingly, this federal civil rights action is DISMISSED.

Corry alleged in his 42 U.S.C. § 1983 suit that San Quentin Prison Lieutenant R. Feston violated his due process rights by finding him guilty of the attempted murder of another inmate in prison disciplinary proceedings and violated his Eighth Amendment rights by retaining him in the Secured Housing Unit (SHU) after he was acquitted of the attempted murder charge in state court. (*Id.* at 1.)

I granted defendant Feston's motion for summary judgment on grounds that Corry failed to exhaust his administrative remedies regarding his Eighth Amendment SHU claims. Though Corry did file a grievance regarding his retention in the SHU, it was rejected at the second level of review because he did "not provide[] sufficient documentation." (*Id*. at 6.) Corry was instructed to submit documentation of the outcome

1    of his trial and was told that he could appeal the denial of his grievance. (*Id.*) Rather than
2    submitting the requested documentation, Corry appealed the rejection to the third level of
3    review, where it was rejected because it was "missing necessary supporting documents."
4    (*Id.*) Corry was told which documents were needed, and how to obtain them. (*Id.*) He
5    also was told that he could not appeal this rejection, "but should take the corrective action
6    necessary and resubmit the appeal." (*Id.*) Corry did not take corrective action and did not
7    resubmit his grievance. (*Id.*) Because Feston submitted evidence that Corry did not
8    exhaust his claims and Corry declined to file an opposition to the summary judgment
9    motion, the motion was granted regarding Corry's Eighth Amendment claims. (*Id.* at 6-7.)
10            Corry's due process claims were also unexhausted. Though he filed a grievance
11   regarding this claim, he abandoned it after the second level of review. (*Id.* at 7.) Feston
12   submitted evidence in support of non-exhaustion and Corry declined to oppose the
13   summary judgment motion. (*Id.*) Corry later filed a second grievance, but it was not
14   sufficient to exhaust because it did not put prison officials on notice that Feston had
15   violated Corry's due process rights. (*Id.* at 8.) Feston submitted evidence in support of
16   non-exhaustion and Corry declined to oppose the summary judgment motion. (*Id.* at 8-9.)
17   I granted defendant's motion regarding the due process claims. (*Id.*) I also concluded that
18   the due process claim failed on the merits because Feston's disciplinary finding was
19   supported by the requisite "some evidence." (*Id.* at 9-10.)
20            In that Order, I also granted Corry the opportunity to file an amended complaint
21   naming other defendants (Ron Davis, warden, and Johnson, a correctional counselor) for
22   failing to release him from the SHU after his state court acquittal and to correct his prison
23   record regarding the prison disciplinary charge. (*Id.* at 10-11.)
24            Corry asserts that he exhausted his claims, but admits his grievances were rejected
25   for lack of proper documentation and states that he did pursue one unspecified grievance to
26   the third level. (Third Am. Compl., Dkt. No. 29 at 4.) This is in accord with the
27   undisputed factual summary above. Corry's grievances were rejected or were insufficient
28   to exhaust, even though he pursued one grievance to the third level. His claims remain

1  unexhausted.

2  Allowing Corry to attempt to exhaust the claims now is futile.  California
3  regulations require that "[a] claimant shall submit a claim within 30 calendar days of
4  discovering an adverse policy, decision, action, condition, or omission by the Department."
5  15 Cal. Code Regs. § 3482.  Because the allegedly adverse actions Davis and Johnson took
6  occurred several years ago, Corry cannot now file a grievance within the required 30 days
7  of the action and therefore he cannot exhaust.

8  Accordingly, this federal civil rights suit is DISMISSED, summary judgment
9  having been granted in defendant Feston's favor.  The Clerk shall enter judgment in favor
10 of defendant Feston and close the file.

**IT IS SO ORDERED.**

**Dated:**  January 5, 2022



WILLIAM H. ORRICK
United States District Judge